Orion SHINN, Plaintiff in Error,

v.

OKLAHOMA ALCOHOLIC BEVERAGE CONTROL BOARD, Defendant in Error.

No. 40201.

Supreme Court of Oklahoma.

March 17, 1964.

Rehearing Denied Nov. 17, 1964.

Smith, Leaming & Swan, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., F. Burck Bailey, Asst. Atty. Gen., Oklahoma City, for defendant in error.

PER CURIAM.

This matter was commenced on June 9, 1961, when the Oklahoma Alcoholic Beverage Control Board, hereafter called the Board, issued its "Notice of Contemplated Denial of Renewal of License" to Orion Shinn, a retail package store licensee hereafter called defendant. The Notice alleged that on November 2, 1960, defendant gave a rebate in the amount of $107.90 to an employee of another retail package store licensee which was in violation of Section 36(a) (2) of the Oklahoma Alcoholic Beverage Control Act (37 O.S.Supp.1959 § 536 (a) (2)) and Section 21 of Article 2 and Section 2(3) (b) of Article 4 of the Rules and Regulations of the Board, as approved July 13, 1959, and amended December 7, 1959, hereafter called the Rules.

Pursuant to the Notice, a hearing was held on June 30, 1961, and an order was entered by the Board renewing defendant's license as of July 1, 1961, but suspending it for a period of 30 days commencing July 10, 1961. From this action of the Board, defendant appealed to the District Court of Oklahoma County, where a trial de novo was held on March 3, 1962. The District Court entered its order affirming the order of the Board. Defendant filed a motion for new trial, which was overruled, and he appeals. The suspension of defendant's license was stayed pending this appeal.

■ Defendant's first proposition of error is that "the complaint did not state a cause of action against defendant." Defendant explains that in using the word "complaint" he is referring to the Notice of Contemplated Denial of Renewal of License, hereafter called the Notice.

Defendant states that Section 36 of the Act (37 O.S.Supp.1959 § 536) provides only for violations by a "person privileged to sell alcoholic beverages to wholesalers or retailers" and that section 2(3) (b) of Article 4 of the Rules provides only for violations by "a licensed wholesaler." Defendant argues that since he holds only a retail package store license, he was not a wholesaler and was not privileged to sell to wholesalers or retailers and these provisions do not apply to him. We believe defendant is correct in this argument.

■ However, there is also the allegation in the Notice that defendant violated section 21 of Article 2 of the Rules which provides:

"Penalty for Violation of Criminal Statute. It is hereby provided that the violation of any criminal statute of the State of Oklahoma by a licensee of this Board, whether or not such violation is defined by the Oklahoma Alcoholic Beverage Control Act, shall be deemed to be cause to suspend or revoke any such license, for a period of time not exceeding six (6) months and only upon a proper showing by competent evidence sufficient to establish the alleged offense by preponderance of the evidence, as in civil cases, and regardless of whether or not any such licensee is charged by criminal complaint, information, or indictment in any State court; PROVIDED, That this rule shall not apply to any misdemeanor committed against the statutes of this state which is not made a part of this Act unless the maximum punishment for such alleged offense as fixed by law shall be by a fine of as much as One Hundred ($100.00) Dollars, or a jail sentence of as much as thirty (30) days, or both such fine and imprisonment. Any proceedings before this Board under these provisions shall not be deemed a criminal prosecution, but in cases where suspensions are ordered by the Board shall be considered and so used as a means of withdrawing

temporarily the privilege extended by such license."

The only thing defendant says about this quoted provision of the Rules is that the charge made does not include the matters covered by this Rule and reference to it in the Notice is probably surplusage. We disagree. This Rule advised the defendant that he was charged with violating a criminal statute of the State of Oklahoma which made him liable to have his license suspended or revoked. Such Rule was promulgated pursuant to the following provisions of the Act:

Section 14 (37 O.S.Supp.1959 § 514).

"The Board shall have the following powers and duties: * * *

"(2) To promulgate rules and regulations, in the manner herein provided, to carry out the purposes of this Act;

"(3) To issue, or refuse to issue, any license provided by this Act for causes herein provided;

"(4) To revoke or suspend, for cause after hearing, any license issued under the authority of this Act; * * *

"(13) To exercise all other powers and duties conferred by this Act, and all powers incidental, convenient or necessary to enable it to administer or carry out any of the provisions of this Act."

Section 38 (37 O.S.Supp.1959 § 538):
* * * * * *

"(c) Any person who shall knowingly engage in any activity or perform any transaction or act for which a license is required under this Act, not having such license, shall be guilty of a misdemeanor and for the first offense be fined not more than One Thousand Dollars ($1,000.00) and imprisoned for not less than thirty (30) days nor more than six (6) months, * * *"

■ Next we must examine the Notice to see whether it states facts showing that defendant performed any act requiring a license for which he did not have a license.

Defendant states in his brief: "The charge, simply is this: That one holder of a retail liquor license rebated to another holder of a retail dealer's license. This does not come within the terms of the Act." We disagree and say that the charge made in the Notice does come within the terms of the Act. A rebate is something that is returned to a purchaser out of the purchase price of goods to accomplish a reduction of the purchase price. The sense or meaning of the allegation against defendant was that he sold alcoholic beverages in retail containers to a retailer and returned part of the purchase price. No person holding a license under the Act shall sell any alcoholic beverages except as authorized by the license he holds. 37 O.S.Supp.1959 § 537(b) (1). A wholesaler's license authorizes the licensee to sell in retail containers to retailers, but a package store licensee is authorized to sell only to consumers for off-premises consumption and not for resale. 37 O.S.Supp.1959 § 521(e), (g). The Notice issued to defendant sufficiently states facts to charge him with violation of these provisions. Under the provisions of 37 O.S.Supp.1959 § 528, the Board has the authority to revoke or suspend any license for such period as the Board deems appropriate, if the Board finds that the licensee has wilfully violated any of the provisions of the Act. Under 37 O.S.Supp.1959 § 527(a) (5) the Board could refuse to renew a license for the same reason. The order suspending defendant's license for 30 days is a lesser penalty than the complete denial of renewal of his license would be. The Notice stated sufficient facts and made sufficient reference to the Rules of the Board to effectively charge defendant with a violation under the Act and Rules. This met the requirement of 37 O.S.Supp.1959 § 529, that the Notice must set forth the grounds for the proposed denial, suspension or revocation of a license. The District Court did not err in overruling defendant's demurrer to the Notice.

Defendant's second proposition is that the court erred in changing the issues and affirming the Board's order on a charge not pleaded. This proposition is based on the court's journal entry of judgment which recites that the Board's order is affirmed under the provisions of Section 28 (37 O.S. Supp.1959 § 528) and not under Section 36 (a) (2) (37 O.S.Supp.1959 § 536(a) (2)) as charged in the Notice.

The discussion we made as to defendant's first proposition applies equally to this proposition. We have already said that 37 O.S.Supp.1959 § 536(a) (2) was inapplicable to defendant in the circumstances alleged and proven in this matter. But 37 O.S.Supp.1959 § 528, does apply, as we said above, and section 21 of Article 2 of the Rules was promulgated pursuant to *that* provision of the Act together with others which we have referred to in this opinion.

Therefore we find no merit to defendant's second proposition. Defendant was charged with selling to a retailer when he had no license to do so. There was proof that this was done and defendant offered no evidence to dispute it. The court did not err in affirming the order of the Board.

The judgment of the District Court, which affirmed the order of the Board, is affirmed and it is hereby ordered that defendant's license shall be suspended for a period of 30 days commencing the second Monday after the finality of the Mandate herein.

The Court acknowledges the aid of Supernumerary Judge N. S. Corn in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.